IN THE UNITED STATEST BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In re: )
    Daniel Eric Pettit ) BK 24-01387-lmj7
    Debtor )

**Motion for Sanctions**
**Arising from Violation of the Automatic Stay**

COMES NOW Debtor, and pursuant to 11 U.S.C. §362(k) hereby moves for entry of sanctions against the following individuals and entities:

- Ashworth Investment Partners, LLC;
- Meadows Capital Partners I, LLC;
- Steven Katz; and/or
- Steven Katz & Associates, Inc.

due to his / their / it's willful violation of the automatic stay provided for under 11 U.S.C. §362, and as grounds therefore, states:

1. Debtor filed his voluntary petition for relief under Chapter 7 of title 11, United States Code, on or about 25 September 2024.

2. Upon filing his petition, the automatic stay provided for pursuant to 11 U.S.C. §362 arose and remains in place in this case as of the date of this filing and was in place at all times material and relevant herein.

3. 11 U.S.C. §362 provides, in relevant part:

    § 362. Automatic stay

    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of—

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(b)** The filing of a petition under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], does not operate as a **stay**—

**(1)** under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

4. 11 U.S.C. §362(k) provides the Court with the authority to impose sanctions in response to a wilfull violation of the automatic stay as follows:

   11 U.S.C. §362(k)
   **(1)** Except as provided in paragraph (2), an individual injured by any willful **violation** of a **stay** provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

   The automatic stay remains in place in this case as of the date of this filing and was in place at all times material and relevant herein.

   In *Scully v. Iowa Dist.* Ct, 489 N.W.2nd (Iowa 1992) the Iowa Supreme Court noted the distinction regarding the application of the automatic stay in contempt proceedings when it held:
   "the realm of **contempt proceedings** arising from a debtor's failure to comply with a prepetition order requiring discharge of a debt, it can generally be said that criminal **contempt proceedings** are usually exempt from the **automatic stay**, whereas civil proceedings are not." This is because civil contempts are remedial, while criminal contempts are punitive. *Id*. As a result, "criminal contempt sanctions do not frustrate the policy underlying the **automatic stay**, which is 'to protect the relative position of [ creditors and shield the debtor from *financial pressure* during the pendency of a bankruptcy proceeding.'" *Id*. (citation omitted).
   *Cathers v. Iowa Dist. Court for Greene County*, 2014 Iowa App. LEXIS 1194, *3-4, 860 N.W.2d 343

5. Amongst the creditors / debts listed in Debtor's petition and schedules were claims arising out of the following state court cases:

   a) **Ashworth Investment Partners, LLC v. Ashworth Apartments I, LLC and Daniel Eric Petti**t which was docketed in the Iowa District Court for Polk Count as Case LACL155629.

    b) **Ashworth Investment Partners, LLC and Meadows Capital Partners I, LLC v. Daniel Eric Pettit** which was docketed in the Iowa District Court for Polk County as Case LACL155643.

    c) **Meadows Capital Partners, I, LLC v. Meadows Developers I, LLC and Daniel Eric Pettit** which was docketed in the Iowa District Court for Polk County as Case LACL155713.

Hereinafter referred to as the "Polk County lawsuits.

6. Steven Katz of Steven Katz and Associates has acted as the company representative of the Plaintiffs in all three Polk County lawsuits.

7. Proofs on file in the instant Chapter 7 bankruptcy proceeding reveals **Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline** was served upon:

- Ashworth Investment Partners, LLC,
- Meadows Capital Partners I, LLC
- Steven Katz
- Steven Katz & Associates, Inc.

on or about 27 September 2024 by the Bankruptcy Noticing Center. See **Certificate of Notice** filed as docket #7, reference *Recip ID # 802655053, 802655167, 802655204 and 802655205*. A copy of docket # 7 is attached hereto as Attachment A.

8. Notice of the Debtor's Bankruptcy filing was also filed of record in the dockets in all three Polk County lawsuits on or about 25 September 2024 giving notice of the pendency of Debtor's chapter 7 case and the existence of the automatic stay. A copy of the **Suggestion in Bankruptcy** filed in the Polk County lawsuits is attached hereto as Attachment B.

9. On the date of filing bankruptcy, there was pending in all three Polk County lawsuits, an ***Application for Order to Show Cause and Request to Sentence Defendant for Contempt and Violation of Court Orders*** which had been filed on or about 16 August 2024. [hereinafter "Contempt Applications"]. A copy of the Contempt Application is attached hereto as Attachment C.

10. Said Contempt Applications were set for hearing on the morning of 27 September 2024 at 10:00 am before the Honorable Jeanie Kunkel Vaudt, who is an Iowa State District Court Judge for Polk County assigned to the dockets for the three Polk County lawsuits.

11. After receiving notice of the pending bankruptcies, there was a series of email exchanges between Judge Vaudt, Mr. Pettit's state court attorney, Michael Carroll, and the undersigned regarding the 27 September 2024 hearing on the Contempt Applications in relevant part, as follows:

**From:** Jeanie Vaudt [JB] <Jeanie.Vaudt@iowacourts.gov>
**Sent:** Friday, September 27, 2024 9:26 AM
**To:** Mike Carroll <Mike@carneyappleby.com>; David Morse <dave@davemorselaw.com>; Erin Willey [JB] <Erin.Willey@iowacourts.gov>; kdriscoll@finleylaw.com; Griffin Scott <gscott@finleylaw.com>
**Subject:** RE: [EXTERNAL]Fw: 24-01387-7 Voluntary Petition (Chapter 7)
**Importance:** High


My CA will forward to Mr. Carroll the Zoom link. I expect counsel for Plaintiffs to appear in

**From:** Jeanie Vaudt [JB] Jeanie.Vaudt@iowacourts.gov
**Sent:** Friday, September 27, 2024 9:25 AM
**To:** David Morse <dave@davemorselaw.com>; Mike Carroll <Mike@carneyappleby.com>; Erin Willey [JB] <Erin.Willey@iowacourts.gov>; kdriscoll@finleylaw.com <kdriscoll@finleylaw.com>; Griffin Scott <gscott@finleylaw.com>
**Subject:** RE: [EXTERNAL]Re: [EXTERNAL]Re: [EXTERNAL]Re: [EXTERNAL]Fw: 24-01387-7 Voluntary Peition (Chapter 7)

Mr. Morse: I am not expecting you unless your trial concludes before I am done chatting with counsel for the named parties in the state cases. I will be asking the parties to submit briefs regarding the sentence already imposed and whether the existing civil contempt matter can proceed.  If you wish to collaborate with Mr. Carroll on briefing I have no objection.

**From:** David Morse <dave@davemorselaw.com>
**Sent:** Friday, September 27, 2024 9:10 AM
**To:** Jeanie Vaudt [JB] <Jeanie.Vaudt@iowacourts.gov>; Mike Carroll <Mike@carneyappleby.com>; Erin Willey [JB] <Erin.Willey@iowacourts.gov>; kdriscoll@finleylaw.com <kdriscoll@finleylaw.com>; Griffin Scott <gscott@finleylaw.com>
**Subject:** Re: [EXTERNAL]Re: [EXTERNAL]Re: [EXTERNAL]Fw: 24-01387-7 Voluntary Petition (Chapter 7)

Judge Vaudt,

I uploaded the Suggestion in Bankruptcy with EDMS in all three cases within minutes after the bankruptcy petition was filed.

I am unclear as to whether your email suggests I am to be present at 10:00 am this morning:, however, if so, I would note that I am currently in trial with Judge McAllister in Courtroom 250 starting at 9:30 am and continuing until we are done or noon, whichever occurs first.

Please let me know...

Thank you.

David Morse

**From:** David Morse <dave@davemorselaw.com>
**Sent:** Friday, September 27, 2024 8:11 AM
**To:** Jeanie Vaudt [JB] <Jeanie.Vaudt@iowacourts.gov>; Mike Carroll <Mike@carneyappleby.com>; Erin Willey [JB] <Erin.Willey@iowacourts.gov>; kdriscoll@finleylaw.com <kdriscoll@finleylaw.com>; Griffin Scott

&lt;gscott@finleylaw.com&gt;
**Subject:** Re: [EXTERNAL]Fw: 24-01387-7 Voluntary Petition (Chapter 7)

Judge Vaudt,

I am Mr. Pettit's bankruptcy attorney.

Mr. Caroll has forwarded your email to me.

The sole jurisdiction to determine whether or not the debts in question are excepted from discharge under 11 USC Section 523 now lies with the bankruptcy court rather than state court.

Any efforts to continue collection efforts against Mr. Pettit in light of the automatic stay would leave my client with no alternative but to seek appropriate remedies from the bankruptcy court for such a willful violation under 11 USC Section 362 against the creditors in these lawsuits.

The automatic stay applies to all creditors and prohibits any formal or informal actions against the debtor and their property.

These three state court matters are clearly efforts to collect a debt from Mr. Pettit and fall squarely within the protection of the automatic stay.   The sole proper forum for the creditors to seek a determination as to  dischargeability vis-a-vis these debts is the bankruptcy court.

In light of this,  I would respectfully suggest and request you reconsider continuing with today's hearing pending such a determination  in the bankruptcy court.

It is also my understanding that in light of the bankruptcy filing and automatic stay, Mr. Pettit will not be present in state court this morning.

David A. Morse

---

**From:** Jeanie Vaudt [JB] &lt;Jeanie.Vaudt@iowacourts.gov&gt;
**Sent:** Friday, September 27, 2024 7:30:27 AM
**To:** Mike Carroll &lt;Mike@carneyappleby.com&gt;; Erin Willey [JB] &lt;Erin.Willey@iowacourts.gov&gt;; kdriscoll@finleylaw.com &lt;kdriscoll@finleylaw.com&gt;; Griffin Scott &lt;gscott@finleylaw.com&gt;
**Cc:** David Morse &lt;dave@davemorselaw.com&gt;
**Subject:** RE: [EXTERNAL]Fw: 24-01387-7 Voluntary Petition (Chapter 7)

Bankruptcy stays only apply to cases involving legitimate debts.  The debts in this matter are alleged to be fraudulent. fraudulent debts are not dischargeable.  The 10:00 hearing will proceed as scheduled.

**From:** Mike Carroll &lt;Mike@carneyappleby.com&gt;
**Sent:** Thursday, September 26, 2024 7:13 PM
**To:** Jeanie Vaudt [JB] &lt;Jeanie.Vaudt@iowacourts.gov&gt;; Erin Willey [JB] &lt;Erin.Willey@iowacourts.gov&gt;; kdriscoll@finleylaw.com; Griffin Scott &lt;gscott@finleylaw.com&gt;
**Cc:** DAVID MORSE &lt;dave@davemorselaw.com&gt;
**Subject:** [EXTERNAL]Fw: 24-01387-7 Voluntary Petition (Chapter 7)

Judge Vault,

David Morse informed me that he uploaded the attached pleading but I have not seen it come through edms so I am forwarding in the event you and Messrs. Driscoll and Scott have not seen it.

12. The undersigned, as Debtor's counsel, attended said hearing on 27 September 2024 at the request of Mr. Carroll to respond to inquiries by Judge Vaudt regarding the bankruptcy filing. The transcript from that hearing is attached hereto as Attachment D.

13. Subsequently to the hearing on 27 September 2024, Plaintiffs in all three Polk County lawsuits made additional filings entitled ***Plaintiff's Expedited Request for Immediate Ruling Regarding Briefing on Defendant's Incarceration and Bankruptcy Filing*** on or about 16 October 2024. A copy of said filing is attached hereto as Attachment D.

14. Debtor filed his **Response to** ***Plaintiff's Expedited Request for Immediate Ruling Regarding Briefing on Defendant's Incarceration and Bankruptcy Filing*** which is attached hereto as Attachment E.

15. As a result of Plaintiff's request, Judge Vaudt filed an ***Order Partially Granting Application for Rule to Show Cause and Ordering Nationwide Bench Warrant to Issue*** on or about 25 November 2024 a copy of which is attached hereto as Exhibit F. A warrant was issued that same date and remains outstanding as of the date of this filing

16. In addition to the filings in the Polk County lawsuits, Steven Katz has continued to communicate directly with Debtor about the Polk County lawsuits in an attempt to recover monies in violation of the automatic stay as follows:

> From: **Steven Katz** <Steve@skatz.com>
> Date: Tue, Feb 18, 2025 at 6:36 AM
> Subject: You Know the Topic
> To: Daniel E. Pettit (danielepettit@gmail.com) <danielepettit@gmail.com>, Daniel E. Pettit (daniel@encompassdsm.com) <daniel@encompassdsm.com>, Daniel E. Pettit (dpettit080780@gmail.com) <dpettit080780@gmail.com>
>
> Dan –
>
> You heard from me on 1/20/25 and on 2/14/25, as did Mike Carroll hear from Kevin Driscoll.
>
> You should have now also heard from Mr. Morse regarding a 2004 Debtor Exam. It requires mandatory personal attendance.
>
> We should have the 4-way conference call promptly.
>
> I have been clear and precise with you, and all has been said.
>
> Steve

**Steven Katz**
**President**
**Steven Katz & Associates, Inc.**
**Briar Ridge Plaza**
**440 South Main Street**
**Milltown, NJ  08850**
**Office: 732**.254.5385
**Fax: 732.254.8705**
**Mobile: 732.887.3856**
**Email: steve@skatz.com**
**Efax: 888.788.7750**


From: **Steven Katz** <Steve@skatz.com>
Date: Sat, Feb 15, 2025 at 2:18 AM
Subject: We Should Speak Promptly on Important Matters That Will Shortly Effect You Significantly
To: Daniel E. Pettit (danielepettit@gmail.com) <danielepettit@gmail.com>, Daniel E. Pettit (daniel@encompassdsm.com) <daniel@encompassdsm.com>, Daniel E. Pettit (dpettit080780@gmail.com) <dpettit080780@gmail.com>

Dan –

I am leaving my office and I don't know that Mike Carroll has connected with Kevin Driscoll this afternoon.  As such, be advised as follows.

There were no priorities that caused me to speak with you in the last while until now.  All that needed to get to you, got to you.

Mike and Kevin have been speaking, with Mike encouraging Kevin to communicate to you through him.  Was fine with me.  However, as above, Mike may or may not have connected.  He volunteered to accept service for your mother but did not do so.

He also informed Kevin that he was an effective "go between" after the above, but may not have gotten back to Kevin after Kevin's below request, with the purpose to deliver the further below message.

There is significant information you should hear.  I also took another step today you should be aware of.

If you wish, let me know via email, two or three times to speak on my Sunday or Monday.  Telephone is fine.

I am moving forward on things.

Steve

**Steven Katz**
**President**
**Steven Katz & Associates, Inc.**

**Briar Ridge Plaza**
**440 South Main Street**
**Milltown, NJ  08850**
**Office: 732.254.5385**
**Fax: 732.254.8705**
**Mobile: 732.887.3856**
**Email: steve@skatz.com**
**Efax: 888.788.7750**

From: **Steven Katz** <Steve@skatz.com>
Date: Sat, Dec 14, 2024 at 2:21 AM
Subject: I Am Watching/Anticipating Your Every Step
To: Daniel E. Pettit (danielepettit@gmail.com) <danielepettit@gmail.com>, Daniel E. Pettit (daniel@encompassdsm.com) <daniel@encompassdsm.com>, Daniel E. Pettit (dpettit080780@gmail.com) <dpettit080780@gmail.com>

Dan –

Be clear that very little of what you are doing escapes me.  I said that to you 18 months ago.  It was accurate then, and now.

You will not "go off into the sunset" with my/my investors' money.  You may not "go off into the sunset".

There is little you have done that I did not anticipate/expect.

Be clear that your interactions with third parties, including your mother, do not escape my scrutiny.

Whether you see it or not, I am "moving you around the world" and the chessboard.

Steve


**Steven Katz**
**President**
**Steven Katz & Associates, Inc.**
**Briar Ridge Plaza**
**440 South Main Street**
**Milltown, NJ  08850**
**Office: 732.254.5385**
**Fax: 732.254.8705**
**Mobile: 732.887.3856**
**Email: steve@skatz.com**
**Efax: 888.788.7750**

17. The filings by Plaintiffs in the Polk County lawsuits after Debtor's bankruptcy petition was filed constitute ongoing collection efforts against Debtor in violation of the automatic stay.

18. The civil contempt action which is the subject matter of those filings does not fall within the exceptions found in 11 U.S.C. §362(b).

19. In *Scully v. Iowa Dist.* Ct, 489 N.W.2nd (Iowa 1992) the Iowa Supreme Court noted the distinction regarding the application of the automatic stay in contempt proceedings when it held:

    "the realm of **contempt proceedings** arising from a debtor's failure to comply with a prepetition order requiring discharge of a debt, it can generally be said that criminal **contempt proceedings** are usually exempt from the **automatic stay**, whereas civil proceedings are not." This is because civil contempts are remedial, while criminal contempts are punitive. *Id*. As a result, "criminal contempt sanctions do not frustrate the policy underlying the **automatic stay**, which is 'to protect the relative position of [ creditors and shield the debtor from *financial pressure* during the pendency of a bankruptcy proceeding.'" *Id*. (citation omitted).

    *Cathers v. Iowa Dist. Court for Greene County*, 2014 Iowa App. LEXIS 1194, *3-4, 860 N.W.2d 343

20. The continued collection efforts in the Polk County lawsuits after the date of filing and the ongoing direct communications with Debtor by Steven Katz / Steven Katz & Associates, Inc. on behalf of the Plaintiffs in the Polk County lawsuits are willful violations of the automatic stay.

21. Debtor has been damaged by these violations which are the direct result of the actions outlined above.

    WHEREFORE, Debtor requests that the Court set this matter for hearing for a determination of whether violations of the automatic stay have occurred and for a determination of appropriate sanctions arising from said violations.

David A. Morse
*Law Offices of David A. Morse*
1010 Insurance Exchange Building
505 Fifth Avenue
Des Moines, Iowa  50309
Ph: (515) 243-7600
Fx: (515) 243-0583
Email: dave@davemorselaw.com

*PROOF OF SERVICE*

The undersigned certifies the foregoing instrument was electronically uploaded on to the Court's CM_ECF system on 27 February 2025

*Signature* David A Morse