IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| ASHWORTH INVESTMENT PARTNERS, L.L.C., | ) | Case No. LACL155629 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASHWORTH APARTMENTS I, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------- | ) | |
| MEADOWS CAPITAL PARTNERS I, L.L.C, | ) | Case No. LACL155713 |
| | ) | |
| Plaintiff, | ) | **ORDER PARTIALLY GRANTING APPLICATION FOR RULE TO SHOW CAUSE AND ORDERING NATIONWIDE BENCH WARRANT TO ISSUE** |
| v. | ) | |
| MEADOWS DEVELOPERS I, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | Case No. LACL155643 |
| MEADOWS CAPITAL PARTNERS I, L.L.C. AND ASHWORTH INVESTMENT PARTNERS, L.L.C., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL E. PETTIT, | ) | |
| | ) | |
| Defendant. | ) | |

E-FILED          LACL155629 - 2024 NOV 25 07:10 PM          POLK
                 CLERK OF DISTRICT COURT                   Page 2 of 7

A hearing on Plaintiffs' Application for Rule to Show Cause (the Application) was held on September 27, 2024, because Defendant filed to personally appear at a hearing set earlier. At the hearing, the court requested briefing from the parties within ten days of the hearing date regarding the court's power (1) to incarcerate Defendant for the remaining thirty seven days of his contempt sentence entered November 30, 2023—approximately 11 months before he filed for bankruptcy; and (2) to sentence Defendant for his contempt of the court's June 17, 2024, Supervised Release Order pursuant to the Application—filed two months before Defendant through counsel filed for bankruptcy.

Plaintiffs timely filed their briefs by October 7, 2024. Although represented, Defendant failed to file any briefs in response to the court's request or in resistance to the Application requesting Defendant's immediate incarceration for his violations of the court's Sentencing Order and Supervised Release Order.

Based upon the undisputed facts and legal authority set forth below, the court has the authority to lift suspension of the remaining thirty seven days of the sentence imposed upon Defendant on November 30, 2023.[1] This action by the court is not related to or in furtherance of Plaintiffs' collection actions, but instead is intended to enforce and uphold the dignity of the court's Sentencing Order which Defendant flagrantly violated, as discussed below.

## ANALYSIS

As noted above, on August 15, 2024, Plaintiffs filed their Application for Rule to Show Cause requesting Defendant's immediate incarceration for his flagrant and blatant violations of both the court's November 2023 Sentencing Order and the terms of the court's June 2024

---

[1] Defendant did not fila a writ of certiorari to challenge this sentence.

2

Supervised Release Order. In response to the Application, the court ordered a hearing on the matter, scheduled for September 27, at which "[a]ll Counsel and [Mr. Pettit] shall appear … in person. No exceptions." Defendant failed to appear at the September 27 hearing. Instead of appearing at the hearing, Defendant filed for bankruptcy on the afternoon of September 25—less than two days before he was ordered to appear and answer to the court for his contumacious conduct while on supervised release. The court reluctantly ordered supervised release for Mr. Pettit in June 2024 upon his sworn statement that he would "cooperate" with the various Plaintiffs he has defrauded in the three cases identified above to the tune of over $4,000,000.00. To the best of the court's knowledge, Defendant remains at large, with his whereabouts unknown.

>The Supervised Release Order entered June 17, 2024, states in pertinent part:
>
>> "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to the Request, if Plaintiffs simultaneously notify the court and the Polk County Jail . . . that strict 24/7 security supervisory measures for Defendant are in place through PMSS, the Polk County Jail shall transfer custody and control of Defendant to PMSS. PMSS shall employ around the clock supervision of Defendant . . . . Under no circumstances shall the Polk County Jail release Defendant on his own recognizance or to any other person or any entity other than PMSS.
>>
>> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if Defendant:
>>     . . .
>>
>>     c.    attempts to flee from the jurisdiction of the State of Iowa or the United States;
>>
>>     d.    fails to communicate with Mr. Katz on a daily basis;
>>
>>     e.    otherwise fails to comply with this Order granting the Request, Plaintiffs may file a motion at any time requesting that suspension of Defendant's remaining sentence for civil contempt be lifted and request such

3

other orders as may be appropriate or necessary at such time, including but not limited to a request for an arrest warrant.

    f.    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Defendant] shall wear a GPS monitor 24/7 as part of the custodial supervision provided by PMSS." (Release Order at pp. 4-5).

It is uncontested that Defendant's post-release conduct has been egregious. He has made a mockery of the Supervised Release Order in every material respect identified above and exploited every opportunity to evade court ordered supervision by third party PMMS.

Plaintiffs urge that the court has the authority to impose new sentences upon Defendant for his complete ignorance of the conditions imposed upon him by the court's Supervised Release Order entered June 17, 2024. The court respectfully disagrees. If this was a criminal proceeding, the court would have authority to proceed with imposing a new sentence or sentences upon Defendant for his most recent violations of court orders:

> With respect to the [non-repayment-concerned] category of cases, the federal courts are in agreement that the filing of a bankruptcy petition does not preclude the commencement of *criminal* contempt proceedings designed to insure compliance with future court orders and, more generally, to uphold the dignity of the court.

*Scully v. Iowa Dist. Ct. for Polk Cnty.,* 489 N.W.2d 389, 391 (Iowa 1992) (emphasis added). Defendant filed a federal chapter 7 bankruptcy proceeding. A federal chapter 7 bankruptcy decision does not operate as a stay against "the commencement or continuation of a *criminal action or proceeding* against the debtor." *Id.* at 393 (citing *In re Clowser*, 39 B.R. 883, 886 (Bankr. E.D. Va. 1984) (internal quotations omitted) (emphasis added). The instant matter is not a criminal proceeding. It is a civil contempt action instituted under Iowa Code chapter 665.

There is no doubt that the timing of Defendant's bankruptcy filing is purposeful. It is a direct, intentional attempt to evade the consequences of his failure to abide by his court

4

mandated obligations in the instant matter. Defendant's conduct confirms his utter lack of respect for court proceedings. Because he was already sentenced in November 2023 for his original refusal to comply with court orders, it is well within the court's authority to lift the stay imposed in the court's June 17 Supervised Release Order regarding the remainder of the term of that sentence and return Defendant to the Polk County Jail to serve the remaining thirty seven days of that sentence once he is apprehended under the bench warrant issued simultaneously with this Order.

## CONCLUSION

Defendant's bankruptcy filing does not relieve him of the consequences of his blatant violations of the court's November 23, 2023, Sentencing Order entered well in advance of Defendant's federal bankruptcy filing in September 2024.[2] The suspension of the thirty seven days Defendant failed to serve under his November 2023 sentence should be lifted. A nationwide bench warrant should be issued for his arrest. Upon Defendant's apprehension, he should be returned to the custody of the Polk County Jail to serve the remaining thirty seven days of his sentence imposed in November 2023 for civil contempt.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' August 15, 2024, Application for Rule to Show Cause is partially granted regarding the Sentencing Order entered in November 2023 which remains in full force and effect.

---

[2] Nor does Defendant's federal chapter 7 bankruptcy proceeding permit him to discharge debts he accumulated through engaging in fraud or other illegal activity he perpetrated against the named Defendants in this matter.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that suspension of the remainder of Defendant Daniel E. Pettit's term of incarceration under the November 2023 Sentencing Order as indicated in the Supervised Release Order entered in June 2024 is lifted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon his apprehension, Defendant Daniel E. Pettit shall be transported to the Polk County, Iowa jail located in Ankeny, Iowa, where he shall serve the remaining thirty seven days of his November 2023 sentence as originally imposed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a nationwide bench warrant shall issue immediately for Defendant Daniel E. Pettit's arrest.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all further proceedings in these three civil matters are stayed pending resolution of Defendant's federal chapter 7 bankruptcy proceeding or until further order of the court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that costs are assessed to Defendant.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if this Order does not automatically cross file into Polk County Case Nos. LACL155643 and LACL155713, the Polk County Clerk of Court shall promptly manually file this Order in those case numbers.

UST Exhibit A-6



State of Iowa Courts

**Case Number**        **Case Title**
LACL155629             ASHWORTH INVESTMENT LLC VS ASHWORTH
                       APARTMENTS I LLC
**Type:**              OTHER ORDER

So Ordered

*Jeanie K. Vaudt*

Jeanie K. Vaudt, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2024-11-25 13:10:25

UST Exhibit A-7