**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION**

| | |
|---|---|
| DANIEL ERIC PETTIT,<br><br>　　Debtor.<br>_____<br><br>MEADOWS CAPITAL PARTNERS I, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>DANIEL ERIC PETTIT,<br><br>　　Defendant. | Case No. 24-01387-lmj7<br><br>Adv. Pro. _____<br><br>**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 523(a)(2), (4), AND (6); AND 11 U.S.C.§§ 727(a)(3) &(5)** |

Plaintiff, Meadows Capital Partners I, LLC, state the following in support of their Complaint Objecting to Discharge and Dischargability in the above-captioned matter:

**VENUE/JURISDICTION**

1. Plaintiff Meadows Capital Partners I, LLC (hereafter, Plaintiff) is a limited liability company, organized under the laws of the state of Iowa.

2. Defendant Daniel Eric Pettit (hereafter, Defendant or Debtor) filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code on September 25, 2024 (hereafter, Petition Date).

3. This Court has jurisdiction of the above-captioned adversary proceeding pursuant to 28 U.S.C. § 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J). Plaintiff consents to entry of final orders or judgment by this Court in the above-captioned matter.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

6. Plaintiff incorporates Paragraphs 1-5 as if fully restated.

7. Debtor was at all relevant times the manager, and authorized agent, of Meadows Developers I, LLC (hereafter, Meadows Developers).

8. Debtor caused to seek, and obtain, funding from Plaintiff to develop an 80 acre site in Grimes, Iowa (hereafter, Grimes Property).

9. Debtor represented in the offering documents the existence of executed development contracts, and the existence of third party purchase contracts for improved lots, which *ex post facto* Plaintiff learned never existed or were fraudulently represented by Debtor.

10. On representations by Debtor, to include among other representations, that Debtor would:

    a. purchase the Grimes Property;

    b. obtain necessary permitting to improve the real estate;

    c. develop the Grimes Property;

    d. maintain a minimum liquidity of $5 million dollars and sufficient capital to repay Plaintiff; and

    e. repay Plaintiff what was due and owing from sales proceeds,

    Plaintiff caused to advance principal in the amount of $1,900,000.00, with additional interest, costs, and fees continuing to accrue.

11. None of the aforementioned representations in ¶10(a) – 10(e) ever occurred.

12. Debtor forged Plaintiff's manager's signature on a mortgage release in relation to the Grimes Property.

13. Instead of using the Grimes Property, Debtor represented other real property to be the Grimes Property for purposes of the transaction, such other real property being neither

owned by Debtor nor an accurate production of the Grimes Property.

14. None of the representations made surrounding the Grimes Property, including purchase of the real estate, occurred, despite the money being advanced by Plaintiff.

15. Debtor obtained Plaintiff's funds based on fraudulent representations as to the use of funds, payment of funds, and extent of progress, among others.

16. Debtor used Meadows Developers as an instrumentality to perpetuate fraud upon Plaintiff.  To the extent any company protection should be invoked by Debtor, the Meadows Developers entity is a mere extension of Debtor and should be disregarded.

17. Plaintiff has been significantly harmed in that the Grimes Property was never purchased, the Debtor absconded with money not justly due and owing.  Plaintiff has no recourse to any collateral.

18. Debtor did not intend at the time he obtained the funds from Plaintiff to purchase the Grimes Property, or use the funds in the manner represented.

19. Debtor provided fraudulent documents, in addition to materially false statements, to perpetuate fraud upon Plaintiff.

20. Debtor intended to, and did, divert the Plaintiff's funds to his personal use through false statements, forgery, fraud, and diversion.

21. Defendant knew, and intended, that Plaintiff would rely on these false representations and advance funds.

22. Debtor intended and knew that the advancement of funds by Plaintiff to Debtor would harm Plaintiff.

23. As a proximate result of Debtor's actions, Plaintiff has sustained a complete loss of the money advanced.  Debtor knew this result was substantially certain when he engaged in

the above- described conduct.

24. The extent of the fraud continues to be investigated by Plaintiff, and additional fraudulent acts and material misstatements continue to be uncovered.

### COUNT I: 11 U.S.C. § 523(a)(2)(A)

25. Plaintiff incorporates paragraphs 1-24 of their Complaint as if fully set forth herein.

26. Defendant knew his representations to Plaintiff regarding the use of the funds were materially false when he made them, as he did not intend to abide by those representations when he made them.

27. Defendant knew his express and implied representations regarding the use of the funds were materially false when Defendant made them.

28. Defendant knew the fraudulent documents produced by Defendant were certain to cause Plaintiff to advance money, and extend credit terms.

29. Defendant used the Meadows Developers I, LLC as an instrumentality to perpetuate this fraud.  To the extent any company protection should be invoked by Debtor, the Meadows Developers I, LLC entity is a mere extension of Debtor and should be disregarded.

30. Defendant's actions as set forth above were false pretenses, fraud, and false representations all as part of a scheme to defraud Plaintiff and divert funds to Defendant's personal use.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(2)(A), Plaintiff requests this Court enter judgment in their favor, and against Defendant, excepting the obligations of Defendant to Plaintiff from any discharge Defendant may receive in the above-captioned matter; and that this Court assess the costs and reasonable attorney's fees of this action against Defendant.

### COUNT II: 11 U.S.C. § 523(a)(4): LARCENY/DEFALCATION/EMBEZZLEMENT

31. Plaintiff incorporates Paragraph 1-30 of their Complaint as if fully set forth herein.

32. The funds advanced to Defendant were entrusted to Defendant's control, for use in completing the Grimes Property.

33. Defendant, through forgery, larceny, defalcation, and embezzlement, caused to remove the funds from their intended use for his sole benefit.

34. Defendant used Meadow Developers I, LLC, as an instrumentality to perpetuate this illicit activity.

35. Defendant fraudulently appropriated Plaintiff's funds from the intended use, and instead diverted those funds to his own personal use.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(4), Plaintiff requests this Court enter judgment in their favor, and against Defendant, excepting the obligations of Defendant to Plaintiff from any discharge Defendant may receive in the above-captioned matter; and that this Court assess the costs and reasonable attorney's fees of this action against Defendant.

### COUNT III: 11 U.S.C. § 523(a)(6): WILLFUL AND MALICIOUS DAMAGE TO PLAINTIFF

36. Plaintiff incorporates Paragraphs 1-35 of their Complaint as if fully set forth herein.

37. Through the use of Meadow Developers I, LLC, Debtor caused to obtain funds in excess of $1,900,000.00.

38. Through material and false representations about existing revenue streams, intended use of funds, and forgery, among others, Defendant willfully and maliciously caused injury to the property of Plaintiff.

39. Defendant knew he had no legal justification to misappropriate the funds.

40. Defendant either desired to inflict injury on Plaintiff, or knew Plaintiff's injury would result from his actions.

41. Defendant acted in conscious disregard of his duties, and without just cause or excuse.

42. The purpose, and unavoidable result, of Defendant's actions was damage to Plaintiff.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(6), Plaintiff requests this Court enter judgment in their favor, and against Defendant, excepting the obligations of Defendant to Plaintiff from any discharge Defendant may receive in the above-captioned matter; and that this Court assess the costs and reasonable attorney's fees of this action against Defendant.

### COUNT IV: 11 U.S.C. § 727(A)(3): FAILURE TO KEEP RECORDS

43. Plaintiff incorporates Paragraphs 1-42 as if fully restated herein.

44. Defendant has not explained nor documented how the funding was used, and why the Grimes Property was not obtained and developed in the manner represented.

45. To the extent Defendant cannot produce records relating to his financial affairs and businesses, including without limitation, bank statements and explanations of transfers and business activities related to the loan disbursements received and how those funds were used, he has concealed, destroyed, or failed to keep or preserve records from which his financial condition or business condition might be ascertained.

WHEREFORE, Pursuant to 11 U.S.C. § 727(a)(3), to the extent Defendant cannot produce adequate financial records or documents, Plaintiff asks that this Court enter judgment denying Defendant a discharge pursuant to 11 U.S.C. § 727(a) in the above-captioned case; and that this Court assess the costs and reasonable attorneys fees of this action against Defendant.

### COUNT V: 11 U.S.C. § 727(A)(5): FAILURE TO EXPLAIN LOSS OR DISSIPATION OF ASSETS

46. Plaintiff incorporates Paragraph 1-44 as if fully restated herein.

47. Defendant has not explained the loss or dissipation of assets, including the loss or dissipation of funds misappropriated from Plaintiff.

WHEREFORE, Pursuant to 11 U.S.C. § 727(a)(5), Plaintiff asks that this Court enter judgment denying Defendant a discharge pursuant to 11 U.S.C. § 727(a) in the above-captioned case; and that this Court assess the costs and reasonable attorneys fees of this action against Defendant.

RESPECTFULLY SUBMITTED,

*/s/ Robert C. Gainer*
Robert C. Gainer      AT0000305
CUTLER LAW FIRM, P.C.
1307 50th Street
West Des Moines, IA 50266
Tel: 515-223-6600
Fax: 515-223-6787
Email: rgainer@cutlerfirm.com
ATTORNEYS FOR PLAINTIFF